IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ROBERT A. DANIEL, <br><br> Plaintiff, <br><br> vs. <br><br> ANDREW M. SAUL, <br>Commissioner of Social Security,[1] <br><br> Defendant. | No. 18-CV-121-CJW-MAR <br><br> **REPORT AND RECOMMENDATION** |

_____

In this case, Plaintiff, Robert A. Daniel ("Claimant") seeks judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying his application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 405(g). (Doc. 4.) Claimant contends that the Administrative Law Judge ("ALJ") erred in determining that he was not disabled. Currently before the Court is Defendant's Unopposed Motion to Remand. (Doc. 17.)

On June 4, 2019, the Court granted Claimant's unresisted motion to extend all filing deadlines in this case by 30 days. (Doc. 16.) Under the resulting new scheduling order, the Statement of Facts in this case was due July 5, 2019. (*Id.*) In lieu of either party filing a Statement of Facts, the Commissioner filed the instant motion on July 9, 2019. The Commissioner also filed a brief in support of his motion asking the Court to reverse the decision of the ALJ and to remand the case for further administrative proceedings. (Doc. 17-1.) The Commissioner asserts that "[u]pon receipt of the Court's remand order, the Appeals Council will evaluate plaintiff's September 20, 2018 *Lucia*

---

[1] After this case was filed, a new Commissioner of Social Security was confirmed. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Andrew M. Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

challenge." (*Id.* at 1.) Accordingly, the Commissioner requests that the Court "enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner under Sentence Four of 42 U.S.C. §405(g)." (*Id.* at 1-2.) Because the motion is unopposed, both parties are in accord as to the proper resolution of this case.

Pursuant to sentence four of 42 U.S.C. §405(g), the Court "shall have the power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the case." When the parties agree to remand a case, the court must enter judgment and may not retain jurisdiction over the case during the administrative proceedings; merely entering an order for remand will not suffice. *See Shalala v. Schaefer*, 509 U.S. 292, 303 (1993) (holding that because no final judgment document was ever filed in case wherein district court remanded case to the Social Security Administration for further proceedings and should have filed judgment along with the remand, the claimant's seemingly late application for EAJA fees was timely).[2]

## CONCLUSION

Because the parties agree on the relief to be granted in this case, I respectfully recommend that Defendant's Unopposed Motion to Remand **(Doc. 17) be GRANTED, the ALJ's decision be REVERSED, and the case be REMANDED for further administrative proceedings.**

**DONE AND ENTERED** this 11th day of July, 2019.

_____
Mark A. Roberts, United States Magistrate Judge
Northern District of Iowa

---

[2] The court can maintain jurisdiction over a case under a sentence six remand for reasons such as "new evidence which is material and that there is good cause for the failure to incorporate such evidence in a prior proceeding." 42 U.S.C. § 405(g).